Opinion issued May 28, 2009



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00086-CR






FREDERICK DWAYNE YORK, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1064228






MEMORANDUM OPINION


 A jury convicted appellant, Frederick Dwayne York, of murder. (1) The jury also
sentenced appellant to 60 years in prison. In his sole point of error, appellant argues
that the trial court erred in denying his motion to suppress his videotaped police
interrogation, during which a police officer made repeated references to hearsay
statements of a witness whom the appellant never had the opportunity to confront,
thereby violating his Sixth Amendment right of confrontation. 

 We affirm.

Background

 On April 4, 2006, appellant went to Rosewood Park in Houston, Texas to meet
with Carla Bertrand, her sister Krystle Bertrand, Crystal Jones, and two other persons
to discuss an ongoing disagreement between Carla Bertrand and Ayana Ross, the
complainant's daughter. Appellant's group decided that Carla Bertrand would go to
Ross's residence at the Crofton Apartments to fight with Ross. The group left the
park in two separate cars. Appellant was driving a blue Buick Le Sabre with Krystle
Bertrand, Carla Bertrand, and Deon Ledet accompanying appellant in the vehicle.
Krystle Bertrand sat in the passenger seat in the front of the car; Carla Bertrand sat
in the back seat behind Krystle Bertrand; Deon Ledet sat in the back seat behind
appellant. Appellant carried an opaque black backpack with him as the group
traveled to the Crofton Apartments.

 At approximately 8:30 p.m., the complainant, Tracey Howard, was standing in
the parking lot of Crofton Apartments in Houston, Texas, helping Ross move to
another apartment complex. The complainant was helping Ross carry a table to
Ross's car. Appellant drove toward the complainant's apartment on a side street
intersecting with Crofton Street. Appellant rolled down the driver's side window,
slowed the car, and took a black gun from his backpack. Appellant and Ledet fired
seven shots at the complainant and Ross. The complainant was struck with one bullet
in her spine and died on the scene.

 After the shooting, Houston Police Department ("HPD") Homicide Officers
J.T. Wyers and T. Tyler went to the crime scene at the Crofton Apartments. The
officers interviewed Ross and witness Erica Irwin a few hours after the shooting. 
Based on information the officers learned from Ross and Irwin about appellant and
the vehicle used in the shooting, the officers discovered appellant's driver's license
photo. The officers used the driver's license photo to produce a photo spread with
appellant's picture in the third position. The officers used the photo spread during
interviews with Carla Bertrand, Krystle Bertrand, and Crystal Jones. Each of the
witnesses identified appellant as the shooter. The officers obtained an arrest warrant
for appellant. Appellant was arrested on April 11, 2006.

 HPD Officer Tyler interrogated appellant while secretly videotaping him. 
Officer Tyler told appellant that Carla Bertrand and Erica Irwin had both implicated
him as the complainant's shooter. Appellant denied any involvement in the
complainant's shooting. During a break in the interrogation, appellant called Carla
Bertrand to threaten her if she testified against him. At trial, appellant moved to
suppress the videotaped interrogation because "the officer stating on the tape that
someone else said he did it would violate [appellant's] right to confrontation, if that
were presented to the jury." The trial court denied appellant's motion to suppress and
found that appellant's statement "was made under voluntary circumstances and I will
enter conclusions of law and finding[s] of fact to that effect." The trial court did not
file findings of fact or conclusions of law. 

 At trial, the videotape was admitted into evidence and a portion of the
videotaped interrogation was played for the jury. The State presented testimony from
Officer Tyler and from Carla Bertrand at trial, but it did not call Erica Irwin as a
witness. Carla Bertrand testified at trial that she was riding in the blue Buick LeSabre
at the time of the shooting. She testified that appellant and Deon Ledet shot at the
complainant and Ross. Bertrand testified that during the course of the shooting she
"just ducked down and we just drove off really fast." Bertrand testified that
immediately after the shooting appellant "said that he know he got somebody, he
know he got somebody." 

 The State also presented testimony from Krystle Bertrand, who testified that
she was riding in the blue Buick LeSabre at the time of the shooting. She also
testified that appellant and Deon Ledet shot at the complainant and Ross. She
testified that during the shooting she saw "the woman fall down."

 The State also presented testimony from Ayana Ross, the complainant's
daughter. Ross testified that she was standing on the parking lot of the Crofton
Apartments with the complainant at the time of the shooting. She testified that she
saw appellant driving a blue Buick LeSabre on a side street next to the apartment
complex. She testified that she saw appellant begin shooting from the car and that
she immediately fell to the ground. Her sister and friends took her inside the
apartment, but she left the apartment again to find the complainant. After she
discovered the complainant's body lying on the parking lot, she fainted. 

 Appellant presented testimony from Tiffany York, appellant's aunt. York
testified that she overheard a conversation outside the courtroom in which Carla
Bertrand, Krystle Bertrand, and Crystal Jones said they had lied during the testimony
they gave in the State's case-in-chief. 

 The jury convicted appellant of murder of the complainant on January 31,
2008, and appellant filed his notice of appeal. 

Hearsay and the Confrontation Clause

 In his sole point of error, appellant argues that the trial court erred by admitting
into evidence, over objection, his videotaped statement, in which Officer Tyler made
repeated reference to Carla Bertrand's and Irwin's out-of-court statements about
appellant's having committed the offense, because appellant did not have the
opportunity to confront Irwin, in violation of his Sixth Amendment right to
confrontation.

 Standard of Review

 We review the trial court's decision to admit or exclude evidence under an
abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002) (citing Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001)). 
However, we review a constitutional legal ruling, such as whether a statement is
testimonial or non-testimonial, de novo. Wall v. State, 184 S.W.3d 730, 742-43 (Tex.
Crim. App. 2006). 

 Violation of the Confrontation Clause

 The Sixth Amendment guarantee to a criminal defendant of the right to
confront "the witnesses against him" extends to out-of-court statements used as
evidence against the accused at trial. See U.S. Const. amend. VI; Crawford v.
Washington, 541 U.S. 36, 51-54, 124 S. Ct. 1354, 1364-65 (2004). Out-of-court
statements deemed "testimonial" in effect and nature are impermissible as evidence
against the accused unless the witness is unavailable to testify and the defendant had
a prior opportunity to cross-examine him, regardless of whether the statements are
deemed reliable by the court. Crawford, 541 U.S. at 53-54, 124 S. Ct. at 1365. 
However, when the declarant appears for cross-examination at trial, the Confrontation
Clause places no constraints on the use of his prior out-of-court testimonial
statements. Id. at 59, 124 S. Ct. at 1369. Nor does the Clause prohibit the use of
testimonial statements for purposes other than establishing the truth of the matter
asserted. Id.

 The definition of "testimonial" out-of-court statements in Crawford is
imprecise. Id. at 51, 124 S. Ct. at 1364. Generally, a "testimonial" out-of-court
statement is defined as an ex parte statement made under circumstances that would
lead the declarant or any objective witness to reasonably anticipate that the statement
would be used in the prosecution of the accused. See id. Thus, when an objective
witness reasonably anticipates that a given statement will be used at a later trial, that
statement is likely to be testimonial in the sense that it is offered to establish or prove
a fact, and, as such, absent unavailability of the witness and a prior opportunity for
cross-examination, it must be subjected to the strictures of the Confrontation Clause. 
Wall, 184 S.W.3d at 735 n. 11; see also United States v. Cromer, 389 F.3d 662, 675
(6th Cir. 2004).

 Here, appellant complains that Officer Tyler's videotaped statement that Carla
Bertrand and Erica Irwin had both implicated him as the complainant's shooter
inadmissible hearsay evidence from Erica Irwin that was testimonial in nature and
that appellant was denied his constitutional right to confrontation because Irwin was
not called to testify at trial. (2) Assuming without deciding that the videotaped
interrogation contained testimonial evidence by Erica Irwin as to appellant's identity
as the shooter and that appellant was denied his constitutional right to cross-examine
Irwin, we now determine whether any such error in admitting the videotaped
interrogation was harmful. 

 Harmless Error

 A violation of the Confrontation Clause is subject to harmless error analysis. 
See Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S. Ct. 1431, 1436 (1986); see
also Tex. R. App. P. 44.2(a) (3); Clay v. State, 240 S.W.3d 895, 903 n.9 (Tex. Crim.
App. 2007). We review whether the trial court's admission of out-of-court statements
in violation of the Confrontation Clause is harmless beyond a reasonable doubt using
the following factors: 1) the importance of the hearsay statements to the State's case;
2) whether the hearsay evidence was cumulative of other evidence; 3) the presence
or absence of evidence corroborating or contradicting the hearsay testimony on
material points; and 4) the overall strength of the State's case. Van Arsdall, 475 U.S.
at 684, 106 S. Ct. at 1438; Davis v. State, 203 S.W.3d 845, 852 (Tex. Crim. App.
2006). We may use other factors as well. Davis, 203 S.W.3d at 852. However, we
must be convinced that the trial court's error in admitting out-of-court statements in
violation of the Confrontation Clause probably not did have a significant impact on
the mind of an average juror. Id. 

 Here, the State presented significant evidence independent of Officer Tyler's
reference during the videotaped interrogation to Irwin's implication of appellant as
the shooter to prove that appellant shot the complainant and killed her. The State
presented testimony from Carla Bertrand, who testified that she was in the back seat
of the car appellant was driving at the time of the shooting. Bertrand testified that
appellant pulled a black gun out of a backpack and fired the gun at the complainant
and other persons standing near the complainant. She also testified that, immediately
after the shooting, appellant said, "I know I got one of them." 

 The State also presented testimony from Krystle Bernard, who testified that she 
was riding in the passenger seat of the car appellant was driving at the time of the
shooting. She testified that "[appellant] pulled up to the Crofton Apartments, and
then he had slowed down the street and held the [black] gun outside the window and
starting shooting" with his left arm. She testified that, after appellant started
shooting, a woman fell down in the parking lot of the Crofton Apartments. Bernard
testified that she fell to the floor of the car and began to cry. 

 The State also presented testimony from Ayana Ross, the complainant's
daughter. Ross testified that she was standing near the complainant in the parking lot
of the Crofton Apartments. She testified that she saw appellant driving a blue Buick
LeSabre on a side street next to the apartment complex. She testified that appellant
began shooting at her and the complainant. She testified that she immediately fell to
the ground. She testified that her sister and other friends led her back into the
apartment after the shooting. She testified that she went outside again to find the
complainant and saw her lying on the parking lot. 

 Given the volume of evidence the State presented to prove that appellant shot
the complainant, any statement made by Officer Tyler to appellant on the videotape
as to what Irwin had told him was merely cumulative and had no substantial effect on
the identification of appellant as the complainant's shooter. See Van Arsdall, 475
U.S. at 684, 106 S. Ct. at 1438; see also Davis, 203 S.W.3d at 856. The admission
of the videotape was not harmful error. See Van Arsdall, 475 U.S. at 680, 106 S. Ct.
at 1436; see also Tex. R. App. P. 44.2(a); see also Clay, 240 S.W.3d at 904 n.9.

 We overrule appellant's sole point of error. 







Conclusion

 We affirm the judgment of the trial court. 






 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Penal Code § 19.02 (b)(1) (Vernon 2003) ("A person commits an offense
if he intentionally or knowingly causes the death of an individual.").
2. The Texas Rules of Evidence generally prohibit the admission into evidence of out-of-court statements offered to prove the truth of the matter asserted, or "hearsay." See
Tex. R. Evid. 801, 802; see also Head v State, 4 S.W.3d 258, 262 (Tex. Crim. App.
1999). However, a statement is not deemed hearsay if the statement involves
identification of a person perceived by the declarant and the declarant later testifies
at a trial or hearing and becomes available for cross-examination concerning the
statement. See Tex. R. Evid. 801(e)(1)(C); see also Moyers v. State, 948 S.W.2d 525,
530 (Tex. App.--Fort Worth 1997, pet. ref'd).
3. Rule 44.2(a) states, "If the appellate record in a criminal case reveals constitutional
error that is subject to harmless error review, the court of appeals must reverse a
judgment of conviction or punishment unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or punishment." 
Tex. R. App. P. 44.2(a).